leged in the petition for adjudication did not exist. The bankrupt has an opportunity to meet and contest the specification. In the present case, it is clear that the allegation of residence, in the petition, is not true, and that one of the bankrupts had not resided in this district for a period of six months next preceding the filing of the petition, although the other two had. This defeats the jurisdiction of the court as respects all the debtors and the entire case, inasmuch as the proceeding is one against the debtors as copartners and their firm assets, and the petitioning creditors were creditors of the firm, and a discharge is sought by all the debtors from the debts of the firm. In such a case the court must acquire jurisdiction over all the copartners, in order to have jurisdiction over any of them. I regard the eighth specification as raising this question. The discharges are refused.

BEALS, (SUYDAM v.) See Case No. 13,653.

## Case No. 1,166.

### In re BEAN.

[14 N. B. R. 182; 2 Wkly. Notes Cas. 432.]

District Court, E. D. Pennsylvania. July 21, 1875.

BANKRUPTCY—CLAIM BY BANKRUPT'S WIFE—COMPETENCY OF BANKRUPT AS WITNESS — PENNSYLVANIA STATUTE.

[1. Under Rev. St. § 858, state laws in force prior to December 1, 1873, are rules of decision in federal courts as to the competency of witnesses.]

[2. Under Act Pa. April 15, 1869, (P. L. 30,) and Rev. St. § 858, a bankrupt may testify to support a claim by his wife against the estate. Bechtel's Case, Case No. 1,204, distinguished.]

[In bankruptcy. In the matter of Levi Bean. This was an application by the bankrupt's wife to prove a promissory note given to her by the bankrupt in consideration of a loan made by her. The register, under the ruling in Bechtel's Case, Case No. 1,204, decided that both husband and wife were incompetent witnesses. The case is now heard on exceptions to the register's report. Exceptions sustained.]

Lewis B. Thompson, for applicant, cited Act Pa. April 15, 1869, § 1, (P. L. 30.)

Erdman, for assignee, cited Const. Pa. art. 11, § 8; Bechtel's Case, Case No. 1,204; Tioga Co. v. South Creek Tp., 75 Pa. St. 433; Bronson v. Bronson, 8 Phila. 261.

CADWALADER, District Judge. The testimony of the bankrupt was excluded by the register, on the supposed authority of my decision in Bechtel's Case, [Case No. 1,204.] At the time of that decision (16th December, 1871), the act of the legislature of Pennsylvania, of 15th April, 1869, was not considered in force in this court. The act of congress of 16th July, 1862, [12 Stat. 588, c. 189,] mak-

ing the laws of the state the rule of decision as to the competency of witnesses, did not apply to a law of the state subsequently enacted. But the Revised Statutes, (section 858,) re-enact the law of 1862, so as to include all state laws on the subject, prior to 1st December, 1873. The state law of 15th April, 1869, [P. L. 30,] therefore, furnishes the rule of decision in the present case.

The case will be recommitted, in order that the bankrupt's testimony in support of the wife's claim may be taken. Whether the claim can be sustained upon his unsupported testimony is a question which it would be premature to consider, and which, indeed, may never arise. It will, however, perhaps be important to consider hereafter what proof, if any, of the time when the alleged note was signed can be adduced, and what proof, if any, that his cash in hand was increased at the time or times in question. The general views expressed by the register seem to be correct; and he will decide provisionally as to their applicability to the case.

NOTE, [from original report.] Register Chase subsequently examined the bankrupt. and in his second report disallowed the wife's claim. for the reason therein given (upon the evidence he found facts against the claim), which report was confirmed by the court, and the claim of the wife was disallowed.

BEAN, (ALKAN v.) See Case No. 202.

## Case No. 1,167.

### BEAN v. AMSINCK et al.

[10 Blatchf. 361;[1] 12 Am. Law Reg. (N. S.) 379; 8 N. B. R. 228.]

Circuit Court, S. D. New York. Jan. Term, 1873.[2]

BANKRUPTCY — PARTNERSHIP — COMPOSITION — FRAUDULENT PREFERENCE — SUIT BY ASSIGNEE OF PARTNER.

1. Where several creditors enter into a composition arrangement with their debtor, by deed, it is a constructive fraud on the other creditors signing the deed, for one creditor who signs to enter into a secret arrangement with the debtor, for an advantage over the other creditors, in respect to his debt.

[Cited in Bean v. Brookmire, Case No. 1,170; Re Jewett, Id. 7,306; Fairbanks v. Amoskeag Nat. Bank, 38 Fed. 634.]

2. Securing 50 per cent., in cash, at once, instead of 70 per cent. on time, is such an advantage, when obtained secretly, where the taking of the cash payment so embarrasses the debtor as to make it impossible for him to meet his payments to the other creditors, as they mature.

[Cited in Fairbanks v. Amoskeag Nat. Bank, 38 Fed. 634.]

3. Where such a fraud has been committed, and the debtor afterwards is adjudged a bankrupt, his assignee in bankruptcy may recover

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]
[2] [Reversed in 22 Wall. (89 U. S.) 395.]